UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIKE SPIEGEL individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 1:16-cv-01998-LJM-DML<br>) |
| ASHWOOD FINANCIAL, INC., an Indiana corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

## **ORDER ON PLAINTIFF'S AMENDED MOTION TO CERTIFY CLASS**

This action comes before the Court on Plaintiff's, Mike Spiegel, individually and on behalf of himself and all others similarly situated ("Spiegel's"), Amended Motion to Certify Class (the "Motion"). Dkt. No. 32. Spiegel seeks to demonstrate that all of the pre-requisites for class certification pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure ("Rule 23(a)" and "Rule (b)(3)," respectively) are satisfied. Defendant Ashwood Financial, Inc. ("Ashwood") opposes Spiegel's Motion, asserting that (1) Spiegel's claims are not typical of the class because his debts have been discharged through Chapter 7 bankruptcy; and (2) a class action is not a superior method of adjudicating the claims at issue in light of the fee shifting provision of 15 U.S.C. § 1692k(a)(3) and the anticipated *de minimus* recovery available to the putative class members. Dkt. No. 39.

For the reasons stated herein, the Court **GRANTS** the Motion.

1

## I. BACKGROUND & ARGUMENTS

On March 16, 2016, Spiegel received an initial form letter from Ashwood, demanding payment of a delinquent consumer debt (the "Letter"). Dkt. No. 1, ¶ 7. The Letter stated, in part,

> Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof, it will be assumed to be valid. If you notify this office information [sic] within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with the requested information. This is required under the Fair Debt Collection Practices Act.

*Id.*

Spiegel alleges that the Letter failed to state that any dispute of the debt at issue or any request for the name and address of the original creditor must be made in writing, in violation of Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692g(a)(4) & (5). *Id.* at ¶ 13. Spiegel further argues that Ashwood's failure to notify Spiegel that such disputes or requests must be in writing constituted unfair and unconscionable collection actions in violation of the FDCPA because whether a dispute could be made orally or in writing could determine whether a consumer wishes to dispute the debt. *Id.* at ¶¶ 8, 17.

Spiegel requests that the Court allow him to represent a class with the following definition:

> All persons similarly situated in the State of Indiana from whom Ashwood attempted to collect a delinquent consumer debt, via the same form collection letter that Ashwood sent to Spiegel from one year before the date of the initial Complaint to the present.

Dkt. No. 33 at 3. Plaintiff asserts that all the pre-requisites for class certification pursuant to Rules 23(a) and (b)(3) are met.

Specifically, as to numerosity, the parties agreed that the proposed class would exceed 600 people. *Id.* at 4-5; David J. Phillips Decl., ¶ 13; Dkt. No. 39 at 4-5. With respect to commonality, Spiegel asserts that there are at least two issues common to each class member: (1) whether the Letter violates the FDCPA; and (2) the appropriate relief that should be awarded. Dkt. No. 33 at 5-6. Similarly, Spiegel states that his claims are typical of the class "because they are brought pursuant to the FDCPA, relate to the identical form debt collection letter, and involve the same course of conduct by [Ashwood]." *Id.* at 6. In regard to adequacy of representation, Spiegel asserts that his claims are identical, rather than antagonistic, to those of the class, and avers that he has sufficient interest in the outcome to ensure vigorous advocacy. *Id.* at 7. Spiegel's counsel is also highly experienced in bringing class claims pursuant to the FDCPA. *Id.*; David J. Phillips Decl. Spiegel asserts that questions of law or fact common to the members of the class predominate over any questions affecting individual class members because "liability to each class member is based on the form debt collection letter all members of the proposed class received." Dkt. No. 33 at 8. Spiegel further argues that a class action is superior to any alternative adjudication methods because: (1) a class action ensures that the rights of all class members are protected, even if they are unaware of their rights; (2) the interests each class member has in individually prosecuting their claims is small in light of the relatively small amount of damages any party can receive under the FDCPA; (3) no other litigation is currently pending concerning the Letter by or against any members of the proposed class; (4) principles of judicial economy favor determining the

legality of Ashwood's practices in one action, rather than requiring every member of the potential class to litigate these issues individually; and (5) this case does not present any significant management problems if the class was certified. *Id*. at 8-9.

Ashwood argues that because Spiegel's debt was discharged through Chapter 7 bankruptcy and he has no personal interest in offsetting other putative class members' debts, Spiegel's claims are not typical of the proposed class, and Spiegel would not be willing to pursue set offs for other class members' debts. Dkt. No. 39 at 6-12. Furthermore, Ashwood argues that a class action is not a superior method of adjudication in this instance because (1) the fee-shifting provision of the FDCPA sufficiently incentivizes members of the potential class to litigate their claims individually; and (2) the potential class members would be entitled to only *de minimus* recovery for their FDCPA claims due to Ashwood's poor financial state. *Id*. at 12-15.

## II. **DISCUSSION**

The standards for class certification are found in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Rule 23 provides that a named party may sue on behalf of individuals who are similarly situated if six requirements are met: (1) the class is so numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the putative class members ("commonality"); (3) the claims or defenses of the named plaintiff are typical of the claims or defenses of the putative class members ("typicality"); (4) the named plaintiff will fairly and adequately protect the interests of the class; (5) questions of law or fact common to the putative class members predominate over any questions affecting only individual putative class members; and (6) a class action is superior to other available methods to fairly and

4

efficiently adjudicate the controversy. Fed. Rs. Civ. P. 23(a) & 23(b)(3); *see also*, *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012). In determining whether or not to certify this class, the Court must take into consideration any evidence submitted by the parties, including any exhibits. *Messner*, 669 F.3d at 811.

### A. TYPICALITY

Ashwood asserts that Spiegel's claims cannot be typical of the proposed class because Spiegel's debt was discharged through Chapter 7 bankruptcy and he has no interest in setting off debt like the other putative class members.[1] Dkt. No. 39 at 10-12. However, Spiegel's claims under the FDCPA are still typical of the claims of the putative class, despite the discharge of his debt.

"A 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Spiegel's claims, like those of the other class members, are "based on his receipt of an allegedly illegal collection letter" sent by Ashwood, rather than a debt that he allegedly owed. *Wilborn*, 180 F.R.D. at 355 (concluding that a named plaintiff's claim under the

---

[1] Spiegel filed for Chapter 7 bankruptcy on May 2, 2016. *In re Spiegel*, No. 16-03336-RLM-7 (Bankr. S.D. Ind. May 2, 2016), Chapter 7 Voluntary Petition, ECF No. 1. Spiegel listed his potential FDCPA claim against Ashwood as an asset, "contingent and unliquidated claim," but identified up to $200.00 for his FDCPA claim as exempt property under Ind. Code § 34-55-10-2(c). *In re Spiegel*, No. 16-03336-RLM-7, Summary of Your Assets and Liabilities and Certain Statistical Information at 7, 10, ECF No. 6. Because his FDCPA claim against Ashwood was exempted, his claim was not abandoned as a result of his bankruptcy action, and Spiegel has standing to bring his claim against Ashwood on behalf of the potential class. *Compare In re Polis*, 217 F.3d 899, 901-03 (7th Cir. 2000), *with Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413-14 (7th Cir. 2006). *See also*, *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 352 (N.D. Ill. 1998).

5

FDCPA is typical of a class and that the named plaintiff serves as an adequate class representative even though the named plaintiff had filed for bankruptcy). Spiegel also "has an economic stake in the outcome of this litigation because he is seeking statutory damages, which may be recovered without regard to actual damages." *Id.* (citing *Keele*, 149 F.3d at 593-94). Therefore, because Siegel's claims arise from the same Letter that other members of the putative class received and that allegedly violates the FDCPA, and because Spiegel can recover statutory damages like other putative class members, his claims are sufficiently typical of the class to support certification.

### B. CLASS ACTION AS SUPERIOR METHOD OF ADJUDICATION

Ashwood also contends that class certification is improper in this instance because a class action is not a superior method to adjudicate the putative class members' FDCPA claims. Dkt. No. 39 at 12-15. In support of this contention, Ashwood states that there is no disincentive to individual litigation by each putative class member because individual litigants can recover attorney's fees for FDCPA claims and that any recovery for the putative class members would be *de minimus* due to Ashwood's poor financial condition. *Id.*

"[A] *de minimus* recovery … should not automatically bar a class action. The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). While the FDCPA allows for individuals to recover up to $1,000.00 in statutory damages, "this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case," and such

6

considerations "cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives." *Id*. In fact, "because individual recovery under the FDCPA can be relatively small, and many consumers are unfamiliar with its protections, a class action is the best method for the fair and efficient adjudication [of an action] where the underlying liability issue can be determined relative to the whole class." *Balogun v. Midland Credit Mgmt., Inc.*, No. 1:05-CV-1790-LJM-WTL, 2007 WL 2934886, at *8 (S.D. Ind. Oct. 5, 2007).

Although it is true that the putative class members could bring their FDCPA claims arising from the Letter individually, it is likely that relatively few of the putative class members "will realize they have a claim or be willing to pursue a claim with all the attendant requirements of being available for depositions, conferences, or even a trial." *Fosnight v. LVNV Funding, LLC*, 310 F.R.D. 389, 394 (S.D. Ind. 2015). Ashwood argues that the fee-shifting provision in the FDCPA eliminates an advantage of litigating through a class action, but the fee-shifting provision of the FDCPA actually serves to further class action proceedings and deter creditors from violating the FDCPA. *See Mace*, 109 F.3d at 344 ("The attorney's fee provision makes the class more likely to proceed, thereby helping to deter violations.").

Furthermore, although Ashwood indicates that it likely cannot pay damages to putative class members, this does not preclude the Court from certifying the class. *Id*. Even where recovery is *de minimus*, there is value to certifying a class "to address potentially unlawful behavior that would not otherwise be addressed because the barriers to bringing suit are too high." *Fosnight*, 310 F.R.D. at 394. Therefore, a class action is a

superior method for litigating the putative class members' FDCPA claims arising from the Letter.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff Mike Spiegel's Amended Motion to Certify Class. Dkt. No. 32.

The following class is hereby CERTIFIED:

All persons similarly situated in the State of Indiana from whom Ashwood attempted to collect a delinquent consumer debt, via the same form collection letter that Ashwood sent to Spiegel from one year before the date of the Complaint to the present.

IT IS SO ORDERED this 2d day of February, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@gmail.com

Karen B. Neiswinger
ATTORNEY AT LAW
kneiswinger@att.net

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com