UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIKE SPIEGEL individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:16-cv-01998-LJM-DML ) |
| ASHWOOD FINANCIAL, INC., an Indiana corporation, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON CROSS MOTIONS FOR JUDGMENT ON THE PLEADINGS**

This matter comes before the Court on Defendant Ashwood Financial, Inc.'s ("Ashwood's") Motion for Judgment on the Pleadings ("Ashwood Motion"), Dkt. No. 47; and Plaintiff's, Mike Spiegel, individually and on behalf of all others similarly situated ("Spiegel's"), Cross Motion for Judgment on the Pleadings ("Spiegel Cross Motion"). Dkt. No. 55. For the foregoing reasons, the Court **DENIES** both motions.

**I. BACKGROUND & ARGUMENTS**

On March 16, 2016, Spiegel received an initial form letter from Ashwood, demanding payment of a delinquent consumer debt (the "Letter"). Dkt. No. 1, ¶ 7. The Letter stated, in part,

> Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof, it will be assumed to be valid. If you notify this office information [sic] within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with

1

the requested information. This is required under the Fair Debt Collection Practices Act.

*Id.*

Spiegel filed his Complaint-Class Action (the "Complaint") on July 26, 2016,[1] alleging that the Letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(4) & (5), by failing to state that any dispute of a debt or any request for the name and address of the original creditor must be made in writing for a debtor to obtain a verification of the debt or the name and address of the original creditor, if different than the current creditor. *Id.* at ¶¶ 12-13. Spiegel further argues that Ashwood's failure to notify debtors that such disputes or requests must be in writing constituted unfair and unconscionable collection actions in violation of the FDCPA because whether a dispute could be made orally or in writing could determine whether a consumer wishes to dispute the debt. *Id.* at ¶¶ 8, 17.

Ashwood filed its Answer to Spiegel's Complaint on September 16, 2016. Dkt. No. 15. In its Answer, Ashwood denied "that any communications to Spiegel … failed to comply with 15 U.S.C. § 1692g or were ineffective." *Id.* at 9. Ashwood further denied "that the FDCPA requires a consumer dispute or request for validation of a debt to be in writing to be effective" and "that disputes or requests for the name of the original creditor are <u>required</u> to be in writing by the [FDCPA] to be effective." *Id.* at 5, 9 (emphasis in original). Ashwood also provided a list of eight affirmative defenses in its Answer. *Id.* at

---

[1] On February 2, 2017, the Court certified Spiegel's proposed class, which was defined as "[a]ll persons similarly situated in the State of Indiana from whom Ashwood attempted to collect a delinquent consumer debt, via the same form collection letter that Ashwood sent to Spiegel from one year before the date of the Complaint to the present." Dkt. No. 52 at 8.

17-19.  In its first affirmative defense (the "First Affirmative Defense"), Ashwood indicated that the Letter did not violate the FDCPA but stated that

> [a]ny alleged violation of the FDCPA was purely technical, the result of bona fide error and not intentional, resulting in no actual damages, no lack of material information that would play a role in a consumer's decision as to whether to dispute a debt, notwithstanding Ashwood's maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. §1692k(c).

*Id.* at 17.

On January 21, 2017, Ashwood filed the Ashwood Motion, arguing that the Letter did not violate the FDCPA because 15 U.S.C. § 1692g(a)(3) does not require consumer disputes to be in writing to be effective.  Dkt. No. 47 at 2, 6-13.  Spiegel submitted his Response in Opposition to the Ashwood Motion on February 14, 2017.  Dkt. No. 54.  Therein, Spiegel agreed that oral disputes of a debt can be effective under 15 U.S.C. § 1692g(a)(3), but argued that the Letter still violated the FDCPA because it did not communicate that a debtor must submit his or her dispute in writing to protect his or her rights to a verification of their debts or to the name and address of the original creditor under 15 U.S.C. § 1692g(a)(4) & (5).  Dkt. No. 54 at 2-3, 5-8.  Spiegel's Response in Opposition also clarified that the Letter appears to use the word "information" where the words "in writing" would logically be found to meet the requirements of 15 U.S.C. § 1692g(a)(4) & (5).  *Id.* at 2.  On February 21, 2017, Ashwood filed its Reply in Support of the Ashwood Motion,[2] in which it asserts that Spiegel's acknowledgement that oral

---

[2] Ashwood attached affidavits from Karen Neiswinger and Dan P. Bailey (the "Affidavits") to its Reply in Support to support its claims that Spiegel improperly changed his legal theory and that the Letter's violation of the FDCPA was a result of bona fide error.  Dkt. No. 57, Exs. A & C.  Spiegel filed his Motion to Strike the Affidavits on February 22, 2017, asserting that the Affidavits were improper because they were attached to Ashwood's Reply and provide evidence outside the scope of the pleadings.  Dkt. No. 61.  Because

3

disputes can be effective under 15 U.S.C. § 1692g(a)(3) and his reference to a specific language flaw in the Letter represented an improper change in Spiegel's theory of liability. Dkt. No. 57 at 7-9. Ashwood also claims that, even though the Letter as written violates the FDCPA, the Letter's violation of the FDCPA was a result of bona fide error by substituting the word "information" for "in writing." *Id.* at 9-16.

In addition to filing his Response in Opposition to the Ashwood Motion, Spiegel concurrently filed the Spiegel Cross Motion on February 14, 2017. Dkt. No. 55. In the Spiegel Cross Motion, Spiegel argues that he is entitled to judgment because the Letter fails to state that a debtor's dispute must be in writing in order to protect the debtor's right to verification of the debt and to the name and address of the original creditor, as required by the plain language of 15 U.S.C. § 1692g(a)(4) & (5). Dkt. No. 56 at 1-2, 4-7. Moreover, Spiegel contends that Ashwood's First Affirmative Defense does not prevent the Court from granting the Spiegel Cross Motion because the First Affirmative Defense was not plead with sufficient factual support under Federal Rule of Civil Procedure 9(b). *Id.* at 7-9. In response, Ashwood asserts that the Spiegel Cross Motion should be denied because sufficient evidence exists, including the Affidavit of Dan P. Bailey attached to its

---

the Ashwood Motion, as well as the Spiegel Cross Motion, seek judgment based only upon the parties' allegations in the pleadings, consideration of the Affidavits with regard to these motions would be inappropriate. Furthermore, the Affidavits were submitted to support new arguments that Ashwood improperly introduced on reply. *See Gold v. Wolpert*, 876 F.2d 1327, 1332 n. 6 (7th Cir. 1989) ("It is well-settled that new arguments cannot be made for the first time in reply."); *see also, Zimmerman v. Bd. of Trustees of Ball State Univ.*, 940 F. Supp. 2d 875, 884 (S.D. Ind. 2013) (finding that arguments "raised for the first on reply" were waived). Therefore, the Court hereby **GRANTS** Spiegel's Motion to Strike the Affidavits. The Court did not consider any information contained within the Affidavits when ruling upon the parties' cross motions for judgment on the pleadings.

Reply in Support of the Ashwood Motion, to support its bona fide error defense, which would preclude liability under the FDCPA. *See generally*, Dkt. No. 65.

## II. **STANDARD**

The Court decides motions brought under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") by the same standard as that for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). The Court may consider only the pleadings and must view the allegations in the light most favorable to the non-moving party. *See id.* The pleadings include the complaint, the answers, and any documents attached thereto as exhibits. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998); *Wright v. Assoc'd. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (stating that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim"). The Court may also take judicial notice of matters of public record and not subject to reasonable dispute. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (citations omitted). Furthermore, "[a] judgment on the pleadings is proper when only questions of law, and not questions of fact, exist after the pleadings have been filed." *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000).

Generally, the Court will presume the facts as alleged by the parties to be true, but it is not bound by the parties' legal characterization of facts. *See Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in

favor of the non-moving party. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Under the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive a motion to dismiss for failure to state a claim upon which relief may be granted, a plaintiff must provide the grounds for his entitlement to relief with more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "allegations must be enough to raise a right to relief above the speculative level." *Id.* The touchstone is whether the Complaint gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Legal conclusions or conclusory allegations are insufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

### III. <u>ANALYSIS</u>

### A. ASHWOOD MOTION

Despite acknowledging that Spiegel's allegations were based on 15 U.S.C. § 1692g's requirements for disputes to be in writing to protect a debtor's right to obtain validation of the debt and for requests for the original creditor's name to be in writing, Dkt. No. 46 at 1, Ashwood initially contended that Spiegel's Complaint should be dismissed because not all disputes must be in writing to be effective under 15 U.S.C. § 1692g(a)(3). Dkt. No. at 6-10. While it is true that an oral dispute of a debt can be effective under the FDCPA, Spiegel's allegations are not based on whether such disputes can be effective, but rather are based on the Letter's failure to communicate that disputes must be in writing in order to protect the rights described in 15 U.S.C. § 1692g(a)(4) & (5). Therefore,

Ashwood's arguments as to 15 U.S.C. § 1692g(a)(3) and the effectiveness of oral disputes do not provide a sufficient basis for dismissing Spiegel's Complaint.

In its Reply in Support, Ashwood asserts that it cannot be liable to Spiegel under the FDCPA because, even though the Letter violated the FDCPA, its violation of the FDCPA was a result of bona fide error. Dkt. No. 57 at 9-16. However, this defense represents a drastic change in Ashwood's position and cannot be recognized with respect to the Ashwood Motion. *See Zimmerman*, 940 F. Supp. at 884 (recognizing the longstanding principle "that once a party chooses to take a certain position, it 'cannot change horses in midstream'") (quoting *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011)). Although Ashwood claims that its bona fide error defense was not evident until Spiegel's Response in Opposition clarified his belief that Ashwood violated the FDCPA by substitution the word "information" for "in writing" in the Letter, such an error renders the Letter unintelligible and would be readily apparent when reading the Letter. Therefore, because Ashwood's argument regarding the effectiveness of oral disputes does not address Spiegel's allegations and because Ashwood improperly introduced its bona fide error defense in its Reply in Support, the Court denies the Ashwood Motion.

## B.  SPIEGEL CROSS MOTION

While simultaneously opposing the Ashwood Motion, Spiegel also filed the Spiegel Cross Motion, arguing that the Letter violates 15 U.S.C. § 1692g(a) based on the statute's plain language and that Ashwood has not sufficiently plead its First Affirmative Defense to prevent the Court from granting judgment in Spiegel's favor. *See generally*, Dkt. No. 56.

When responding to a pleading, a party must state "in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). While Federal Rule of Civil Procedure 8(c) ("Rule 8(c)") provides a non-exhaustive list of common affirmative defenses, a defense that is not listed in Rule 8(c) is still considered an affirmative defense "if the defendant bears the burden of proof" or if the defendant does not "controvert the plaintiff's proof." *Winforge, Inc. v. Coachmen Indust., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (internal quotations omitted). *See also*, *Perez v. PBI Bank, Inc.*, 1:14-cv-01429-SEB-MJD, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015). To plead an affirmative defense, a defendant must provide a "short and plain statement of the facts" and "allege the necessary elements" of the affirmative defense; affirmative defenses that amount to no more than "bare bones conclusory allegations" are insufficient. *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). *See also*, *Perez*, 2015 WL 500874 at *2. Although *Twombly* sets forth the "plausibility" standard, requiring a complaint to allege sufficient facts to "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, the Seventh Circuit has not yet determined whether affirmative defenses are subject to the same plausibility standard. *See Perez*, 2015 WL 500874 at *2-3.

Bona fide error can serve as an absolute defense to an alleged violation of the FDCPA, pursuant to 15 U.S.C. § 1692k(c). A defendant must demonstrate three elements to establish a bona fide error defense: "(1) it must show that the presumed FDCPA violation was not intentional; (2) it must show that the presumed FDCPA violation resulted from a bona fide error …; and (3) it must show that it maintained procedures reasonably adapted to avoid any such error." *Kort v. Diversified Collection Serv., Inc.*,

394 F.3d 530, 537 (7th Cir. 2005). For an error to be considered "bona fide," it must be "made in good faith; a genuine mistake, as opposed to a contrived mistake." *Id.* at 538.

As stated above, the Court must consider the allegations in the pleadings in a light most favorable to the non-moving party when deciding whether to grant a motion for judgment on the pleadings under Rule 12(c). *See R.J. Corman*, 335 F.3d at 647. Therefore, the Court must consider Ashwood's First Affirmative Defense, claiming that any violation of the FDCPA is a bona fide error pursuant to § 1692k(c), when determining whether to grant the Spiegel Cross Motion. While the parties direct the Court to consider evidence outside the scope of the pleadings, *see* Dkt. No. 65 at 3-6; Dkt. No. 68 at 3-7, consideration of such outside evidence is inappropriate when deciding a motion under Rule 12(c). *See R.J. Corman*, 335 F.3d at 647. If taken as true and in a light most favorable to Ashwood, the First Affirmative Defense would excuse Ashwood from liability under the FDCPA, and the Court must therefore deny the Spiegel Cross Motion.

Despite this determination regarding the Spiegel Cross Motion, the Court also recognizes that Ashwood has not plead sufficient factual context to support the First Affirmative Defense. Even though the Seventh Circuit has not yet determined whether an affirmative defense must meet the *Twombly* plausibility standard, Seventh Circuit law is clear that an affirmative defense must do more than merely make "bare bone conclusory allegations" and must provide a "short and plain statement of facts" and "the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1295. While the First Affirmative Defense alleges that "[a]ny alleged violation of the FDCPA was purely technical [and] the result of bona fide error," Ashwood fails to provide any factual context as to what errors existed in the Letter and to address how such errors meet the definition

of a bona fide error.  *See Perez,* 2015 WL 500874 at *10 (striking a defendant's affirmative defense because it only allged defenses listed in Rule 8(c) without providing any factual context).  Therefore, the Court *sua sponte* strikes Ashwood's First Affirmative Defense.

### IV.  <u>CONCLUSION</u>

For the reasons stated herein, the Court **DENIES** Ashwood's Motion for Judgment on the Pleadings and **DENIES** Spiegel's Cross Motion for Judgment on the Pleadings. The Court also **STRIKES** Ashwood's First Affirmative Defense without prejudice and grants Ashwood seven days from the date of this Order to amend its Answer. Ashwood's Motion for Oral Argument, Dkt. No. 58, is **DENIED**.

IT IS SO ORDERED this 23rd day of March, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@gmail.com

Karen B. Neiswinger
ATTORNEY AT LAW
kneiswinger@att.net

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com