UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIKE SPIEGEL individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 1:16-cv-01998-LJM-DML |
| ASHWOOD FINANCIAL, INC. an Indiana corporation, ) ) ) ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on Plaintiff's, Mike Spiegel, individually and on behalf of all others similarly situated ("Spiegel's"), Motion to Approve Class Notice and for the Turn-Over of Class Data ("Motion to Approve"), Dkt. No. 59; and Defendant Ashwood Financial, Inc.'s ("Ashwood's") Motion to Stay Ruling on Plaintiff's Motion to Approve Class Notice and For the Turn-Over of Class Data ("Motion to Stay"). Dkt. No. 60. In the Motion to Approve, Spiegel seeks the Court's approval of its proposed Notice of Class Action, Dkt. No. 62, and requests that the Court compel Ashwood to turn over the names and addresses of all of the members of the class. *See generally*, Dkt. No. 59. Ashwood's Motion to Stay, however, requests that the Court stay its determination regarding the approval of the proposed Notice of Class Action and the turn-over of class information until the Court rules on the parties' pending cross-motions for Judgment on the Pleadings. *See generally*, Dkt. No. 60. For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Spiegel's Motion to Approve and **DENIES** Ashwood's Motion to Stay.

1

## I. **BACKGROUND**

On March 16, 2016, Spiegel received an initial form letter from Ashwood, demanding payment of a delinquent consumer debt (the "Letter"). Dkt. No. 1, ¶ 7. The Letter stated, in part,

> Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof, it will be assumed to be valid. If you notify this office information [sic] within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with the requested information. This is required under the Fair Debt Collection Practices Act.

*Id.*

Spiegel filed his Complaint on July 26, 2016, alleging that the Letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(4) & (5), by failing to state that any dispute of the debt or any request for the name and address of the original creditor must be made in writing for a debtor to obtain a verification of the debt or the name and address of the original creditor, if different than the current creditor. *Id.* at ¶¶ 12-13. Spiegel further argues that Ashwood's failure to notify debtors that such disputes or requests must be in writing constituted unfair and unconscionable collection actions in violation of the FDCPA because whether a dispute could be made orally or in writing could determine whether a consumer wishes to dispute the debt. *Id.* at ¶¶ 8, 17. On February 2, 2017, the Court certified Spiegel's proposed class, which was defined as

> All persons similarly situated in the State of Indiana from whom Ashwood attempted to collect a delinquent consumer debt, via the same form collection letter that Ashwood sent to Spiegel from one year before the date of the Complaint to the present.

Dkt. No. 52 at 8.

Spiegel filed his Motion to Approve on February 22, 2017, requesting that the Court approve his proposed Notice of Class Action and order Ashwood to provide the names and addresses of all of the class members so that Spiegel could notify the class members about this action. Dkt. No. 59. Spiegel's proposed Notice of Class Action stated that the Letter "allegedly failed to advise consumers that disputes and requests for the name of the original creditor had to be in writing for them to be effective, in violation of §1692g and f of the FDCPA." Dkt. No. 62 at 1. Ashwood, however, objects to Spiegel's proposed Notice of Class Action, arguing that this description of the Letter constitutes an "incorrect statement of the law set forth in [Spiegel's] Complaint" because disputes are not required to be in writing to be effective under 15 U.S.C. § 1692g. Dkt. No. 64 at 1-2. Ashwood also claims that it should not be required to provide the names and addresses of the class members to Spiegel until the Court rules upon the parties' pending cross-motions for Judgment on the Pleadings, to protect the interest of judicial economy and to prevent possible violations of the Health Insurance Portability and Accountability Act ("HIPAA"). Dkt. No. 60 at 2.

## II. **DISCUSSION**

When the Court certifies a class pursuant to Federal Rule of Civil Procedure 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Such a notice "must clearly and concisely state in plain, easily understood language" the following items: (1) the nature of the litigation; (2) the definition of the certified class; (3) the claims, issues, or defenses

raised in the litigation; (4) that a class member can have his or her own attorney enter an appearance in the action; (5) that the Court will exclude any class member that wishes to be excluded; (6) the time and manner to request an exclusion; and (7) the binding effect of a class judgment on class members. *Id.*

### A. MOTION TO APPROVE

The Court cannot approve Spiegel's proposed Notice of Class Action as it is currently written. As stated above, a notice of a class action under Federal Rule of Civil Procedure 23(c) must "clearly and concisely" state the class's claims and the central issues of the litigation. Fed. R. Civ. P. 23(c)(2)(B)(iii). The proposed Notice of Class Action indicates that Ashwood "allegedly failed to advise consumers that disputes and requests for the name of the original creditor had to be in writing for them to be effective, in violation of §1692g and f of the FDCPA." Dkt. No. 62 at 1. However, this statement does not clearly communicate the class's claim that Ashwood specifically violated 15 U.S.C. § 1692g(a)(4) & (5) because the Letter did not notify debtors that a dispute of a debt must be in writing if the debtor wishes to obtain a verification of the debt or the name and address of the original creditor. *See* Dkt. No. 1, ¶¶ 12-13. Such an explanation regarding the nature of class claims is critical in this instance because, as Spiegel acknowledges, oral disputes of a debt are generally effective under 15 U.S.C. § 1692g(a)(3). Dkt. No. 67 at 3. Therefore, the Court cannot approve the proposed Notice of Class Action as it is currently written, and Spiegel must revise the Notice of Class Action to more clearly state the specific claims set forth by the class and the issues involved in this action.

## B. MOTION TO STAY

Even though the Court cannot approve the proposed Notice of Class Action at this time, there is no need for Ashwood to delay in providing the names and address of the class members to Spiegel. Ashwood argues that it should not provide this information to Spiegel in light of the parties' pending cross-motions for Judgment on the Pleadings. Dkt. No. 60 at 2-3. The presence of these motions, however, does not eliminate Federal Rule of Civil Procedure 23(c)'s mandate to provide notice of the class action to all class members.

Ashwood also argues that it should not be required to provide the names and addresses of the class members because disclosure of such information could violate HIPAA. Dkt. No. 60 at 2. However, the disclosure of the class members' names and addresses in no way threatens HIPAA's protections of individual identifiable health information. Under 42 U.S.C. § 1320d-6, a person may be subject to criminal penalties if he or she knowingly uses, obtains, or discloses individual identifiable health information. "Individually identifiable health information" is defined as any information, including demographic information, that is "created or received by a health care provider, health plan, employer, or health care clearinghouse"; relates to a past, present or future physical or mental health condition or the provision of health care to an individual; and actually identifies the individual or for which there is a reasonable basis to believe the information could be used to identify the individual. 42 U.S.C. §1320d(6). While names and addresses could identify an individual, this information alone does not directly relate to a physical or mental health condition or the provision of health care to the individual being identified. Therefore, because the disclosure of the names and addresses of the class

members would not violate HIPAA, Ashwood cannot prevent or delay disclosure of this information by claiming that such a disclosure would risk a HIPAA violation.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS in part and DENIES in part** Spiegel's Motion to Approve, Dkt. No. 59, and **DENIES** Ashwood's Motion to Stay, Dkt. No. 60. The parties shall confer regarding a proposed Amended Notice of Class Action, which shall provide greater specificity as to the subsections serving as the basis for the Class's claims. After the parties have conferred about the Amended Notice of Class Action, Spiegel shall either submit a Notice of an Agreed Amended Notice of Class Action or a Notice of Continued Dispute within fourteen days from the date of this Order. If the filing is only a Notice of Continued Dispute, Spiegel shall file his Motion to Approve Class Notice within fourteen days thereafter. Ashwood must also provide Spiegel with the names and addresses of all Class members with fourteen days from the date of this Order.

IT IS SO ORDERED this 23rd day of March, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Steven James Halbert
shalbertlaw@gmail.com

Karen B. Neiswinger
ATTORNEY AT LAW
kneiswinger@att.net

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com