UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MIKE SPIEGEL, individually and on behalf )
of all others similarly situated, )
)
Plaintiff, )
)
vs. ) No. 1:16-cv-01998-LJM-DML
)
ASHWOOD FINANCIAL, INC., an Indiana )
corporation, )
)
Defendant. )

**ORDER ON MOTION TO APPROVE PROPOSED AMENDED CLASS NOTICE**

This matter comes before the Court on Plaintiff's, Mike Spiegel, individually and on behalf of all others similarly situated ("Spiegel's"), Motion to Approve Proposed Amended Class Notice and Notice of Continued Dispute Regarding Class Notice (the "Motion"). Dkt. No. 74. For the foregoing reasons, the Court **GRANTS** Spiegel's Motion.

**I. BACKGROUND**

On March 16, 2016, Spiegel received an initial form letter from Ashwood Financial, Inc. ("Ashwood"), demanding payment of a delinquent consumer debt (the "Letter"). Dkt. No. 1, ¶ 7. The Letter stated, in part,

> Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof, it will be assumed to be valid. If you notify this office information [sic] within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with

1

the requested information. This is required under the Fair Debt Collection
Practices Act.

*Id.*

Spiegel filed his Complaint on July 26, 2016, alleging that the Letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(4) & (5), by failing to state that any dispute of the debt or any request for the name and address of the original creditor must be made in writing for a debtor to obtain a verification of the debt or the name and address of the original creditor, if different than the current creditor. *Id.* at ¶¶ 7, 12-13. Spiegel further argues that Ashwood's failure to notify debtors that such disputes or requests must be in writing constituted unfair and unconscionable collection actions in violation of the FDCPA because whether a dispute could be made orally or in writing could determine whether a consumer wishes to dispute the debt. *Id.* at ¶¶ 8, 17. On February 2, 2017, the Court certified Spiegel's proposed class, which was defined as

> All persons similarly situated in the State of Indiana from whom Ashwood attempted to collect a delinquent consumer debt, via the same form collection letter that Ashwood sent to Spiegel from one year before the date of the Complaint to the present.

Dkt. No. 52 at 8.

On February 22, 2017, Spiegel sought the Court's approval of its initial proposed Notice of Class Action. Dkt. No. 59. The Court rejected Spiegel's initial proposed Notice of Class Action on March 23, 2017, because it failed to clearly communicate the subsections of 15 U.S.C. § 1692(a) that Ashwood allegedly violated. Dkt. No. 71 at 4. The Court further ordered the parties to "confer regarding a proposed Amended Notice of Class Action, which shall provide greater specificity as to the subsections serving as the basis for the Class's claims." Dkt. No. 71 at 6.

Despite the Court's prior Order requiring the parties to confer, *id.*, Spiegel and Ashwood demonstrated an apparent inability to cooperate with one another in relation to class notification. *See* Dkt. No. 73, Ex. B; Dkt. No. 75, Ex. A; Dkt. No. 76, Ex. A & B. In light of their inability to cooperate, Spiegel and Ashwood each submitted a proposed Notice of Class Action for the Court's consideration. *See* Dkt. No. 73, Exs. A & C.

Spiegel filed his Motion on April 6, 2017, in which he provides notice to the Court of the parties' continued dispute regarding class notification and requests the Court's approval of his attached proposed Amended Notice of Class Action (the "Spiegel Amended Notice"). *See generally*, Dkt. No. 74. Spiegel revised the Summary of the Litigation section in the Spiegel Amended Notice to state that his

> Complaint claimed that the form of Defendant Ashwood's collection letter violated § 1692g(a)(4) and (5) and § 1692f of the [FDCPA] because, although a debt may be disputed orally, pursuant to § 1692g(a)(3), the letter failed to advise consumers that in order to obtain verification of the debt, or request the name of the original creditor, a dispute had to be made in writing.

Dkt. No. 74, Ex. A. Also on April 6, 2017, prior to Spiegel filing the Motion, Ashwood submitted its Notice of Objection to Plaintiff's Draft of Class Notice, in which Ashwood states its objections to Spiegel's proposed Amended Notice of Class Action and requests the Court's approval of its own proposed Notice of Class Action (the "Ashwood Notice"). *See generally*, Dkt. No. 73.[1] The Ashwood Notice indicates that the Class alleges Ashwood violated 15 U.S.C. § 1692g(a) "because the word 'information' was substituted … in place of the phrase 'in writing'" in the Letter and "that this word substitution failed to

---

[1] In addition to opposing the Motion and the Spiegel Amended Notice, Ashwood also filed a Motion to Strike Plaintiff's Reply in Support of Motion to Approve Proposed Amended Class Notice and Motion for Sanctions on April 10, 2017. Dkt. No. 77. The Court **DENIES** Ashwood's Motion to Strike and Motion for Sanctions.

advise debtors that Ashwood was required to send verification of the debt or a copy of the judgment" and "to provide the name and address of the original creditor" upon a written dispute, constituting "technical violations of the FDCPA." Dkt. No. 73, Ex. C.

## II. **DISCUSSION**

When the Court certifies a class pursuant to Federal Rule of Civil Procedure 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B) ("Rule 23(c)(2)(B)"). Such a notice "must clearly and concisely state in plain, easily understood language" the following items: (1) the nature of the litigation; (2) the definition of the certified class; (3) the claims, issues, or defenses raised in the litigation; (4) that a class member can have his or her own attorney enter an appearance in the action; (5) that the Court will exclude any class member that wishes to be excluded; (6) the time and manner to request an exclusion; and (7) the binding effect of a class judgment on class members. *Id.*

The Ashwood Notice misstates the Class's position in this action. While Ashwood may believe that the Letter's alleged deficiencies originate in a "word substitution," the Class's claims merely allege a violation of the FDCPA because the Letter did not communicate that any debt disputes need to be in writing in order for a debtor to protect his or her right to verification of a debt or to receive the name and address of the original creditor. *See* Dkt. No. 1, ¶¶ 7, 12-13. Furthermore, the Ashwood Notice fails to specify the subsections of 15 U.S.C. § 1692g(a) on which the Class's claims are based, as

required by the Court in its prior Order.  *See* Dkt. No. 71 at 6.  Therefore, the Court rejects the Ashwood Notice.[2]

The Spiegel Amended Notice, however, meets all of the requirements for class notification enumerated in Rule 23(c)(2)(B).  The Spiegel Amended Notice clearly addresses the Court's prior Order requiring the Notice of Class Action to provide greater specificity as to the subsections serving as the basis for the Class's claims.  Dkt. No. 71 at 6.  The Spiegel Amended Notice states that the Class is claiming that Ashwood allegedly violated 15 U.S.C. § 1692g(a)(4) & (5), as provided in Spiegel's Complaint.  Dkt. No. 74, Ex. A; *see also*, Dkt. No. 1, ¶¶ 7, 12-13.  Although it does not specifically state that Ashwood claims a bona fide error defense, the Spiegel Amended Notice indicates that Ashwood denies violating the FDCPA and any liability associated with violating the FDCPA, which is sufficient to meet the requirements of Rule 23(c)(2)(B).  Moreover, while Ashwood opposes the Spiegel Amended Notice because it does not believe Ashwood's counsel's name and address is necessary, such information must be included in the Notice of Class Action to ensure that Ashwood's counsel receives notification of any Class members that elect to opt-out of this litigation.

---

[2] In addition to misstating the Class's claims, the Ashwood Notice also employs the wrong definition of the certified class, in violation of Federal Rule of Civil Procedure 23(c)(2)(B)(ii).  Dkt. No. 73, Ex. C.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Spiegel's Motion. Spiegel shall send the Spiegel Amended Notice to all of the Class members within 21 days from the date of this Order, and Class members shall have 45 days from the date on which the Spiegel Amended Notice is sent to opt-out of the Class. The Court further **DENIES** Ashwood's Motion to Strike Plaintiff's Reply in Support of Motion to Approve Proposed Amended Class Notice and Motion for Sanctions. Dkt. No. 77.

IT IS SO ORDERED this 11th day of April, 2017.

*[signature]*

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@gmail.com

Karen B. Neiswinger
ATTORNEY AT LAW
kneiswinger@att.net

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com