UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIKE SPIEGEL, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:16-cv-01998-SEB-DML |
| ASHWOOD FINANCIAL, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Mike Spiegel, individually and on behalf of all others similarly situated ("Spiegel"), Dkt. No. 87, and Defendant Ashwood Financial, Inc. ("Ashwood"). Dkt. No. 89. For the reasons detailed below, we DENY Spiegel's Motion for Summary Judgment and GRANT Ashwood's Cross Motion for Summary Judgment.

### Factual Background

On March 16, 2016, Spiegel received an initial form letter from Ashwood, demanding payment of a delinquent consumer debt (the "Letter"). Dkt. No. 88, Ex. A. The Letter stated, in part,

> Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof, it will be assumed to be valid. If you notify this office **information** [sic] within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request **information** [sic], within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this

1

> office will provide you with the requested information. This is required under the Fair Debt Collection Practices Act.

*Id.* (emphasis added) (the "Verification Notice").

Spiegel filed his Complaint-Class Action (the "Complaint") on July 26, 2016,[1] alleging that the Letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(4) & (5), because the Verification Notice failed to state that any dispute of a debt or any request for the name and address of the original creditor must be made in writing for a debtor to obtain a verification of the debt or the name and address of the original creditor, if different than the current creditor. Dkt. No. 1, ¶¶ 12-13. Spiegel further argues that Ashwood's failure to notify debtors that such disputes or requests must be in writing constituted unfair and unconscionable collection actions in violation of the FDCPA because whether a dispute could be made orally or in writing could determine whether a consumer wishes to dispute the debt. *Id.* at ¶¶ 8, 17.

Ashwood filed its Amended Answer on March 30, 2017, in which it asserts that it cannot be held liable for violating the FDCPA because any potential violation would have been caused by typographical errors in the Letter and would be subject the bona fide error affirmative defense under § 1692k(c). Dkt. No. 72 at 5, 18. Specifically, Ashwood claims that the word "information" was inadvertently substituted for the words "in writing" within the Letter's Verification Notice. *Id.* In support of its bona fide error defense, Ashwood

---

[1] On February 2, 2017, we certified Spiegel's proposed class, which was defined as "[a]ll persons similarly situated in the State of Indiana from whom Ashwood attempted to collect a delinquent consumer debt, via the same form collection letter that Ashwood sent to Spiegel from one year before the date of the Complaint to the present." Dkt. No. 52 at 8.

attached an affidavit signed by Ashwood President, Dan Bailey ("Bailey"), which explained that the use of the word "information" instead of "in writing" within the Verification Notice "was an unintentional typographical error" that Bailey had missed when reviewing and approving the Letter. Dkt. No. 72, Ex. A; Dkt. No. 88, Ex. B ("Bailey Aff.").

On June 21, 2017, Bailey was deposed regarding the errors within the Letter's Verification Notice. Dkt. No. 88, Ex. C ("Bailey Dep."). Bailey admitted that the Letter as written did not conform to the standard text of the FDCPA but testified that the errors in the Verification Notice were typographical mistakes he failed to catch and correct before the Letter was sent to debtors. *Id*. at 8:18-10:4, 22:4-26:8, 43:23-44:3. Specifically, Bailey stated that Ashwood asked the third-party mailing service in charge of delivering Ashwood's form collection letters, SourceHOV, to make a change to the Letter that was unrelated to "FDCPA boilerplate" language in the Verification Notice. *Id*. at 14:7-16:14. When SourceHOV sent the Letter back to Bailey for approval, Bailey proofread the Letter and inadvertently approved it without noticing that the words "in writing" had been replaced by the word "information" in the Verification Notice. *Id*. at 15:9-16:20. Bailey, who is one of only five employees of Ashwood, further testified that he was the sole person at Ashwood responsible for reviewing, drafting, and approving the Letter. *Id*. at 12:24-13:20, 18:11-16. Once Bailey became aware of the mistakes within the Verification Notice, he had the Letter revised to change the word "information" to "in writing" for future uses. *Id*. at 10:5-11.

Although Bailey indicated that changes are routinely made to Ashwood's form collection letters, he acknowledged that Ashwood does not maintain any written log to record the changes that are made. *Id*. at 9:14-12:20. Bailey also stated that Ashwood sought to comply with the FDCPA and to prevent errors like the ones found in the Letter by tracking the language of the FDCPA and by having Bailey review and approve the Letter's language. *Id*. at 15:7-16:20, 18:11-16; Bailey Aff., ¶ 5. Additionally, Ashwood is a member of the American Collectors Association ("ACA") for debt collectors, participates in FDCPA compliance seminars, and receives online updates on FDCPA law and court rulings in an effort to ensure its compliance with the FDCPA. Bailey Aff., ¶ 6.

On July 24, 2017, Spiegel filed his Motion for Summary Judgment. Dkt. No. 87. Spiegel argues that the undisputed evidence demonstrates that Ashwood violated the requirements of §§ 1692g(a)(4) & (5) of the FDCPA and that Ashwood failed to adequately show an entitlement to the bona fide error defense by a preponderance of the evidence. *See generally*, Dkt. No. 88. Specifically, Spiegel contends that Ashwood is not entitled to assert the bona fide error defense because it has not maintained procedures that were reasonably designed to prevent the kind of errors found in the Letter's Verification Notice. Dkt. No. 88 at 12-14. In addition to filing its response to Spiegel's Motion, Ashwood filed its Cross Motion for Summary Judgment on July 26, 2017, in which it asserts that the evidence of record sufficiently establishes that it is excused from liability under the FDCPA because the mistakes in the Letter were the result of bona fide error. Dkt. No. 89; Dkt. No. 90.

## Legal Analysis

**I.     Standard of Review**

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the non-movant on the basis of the designated, admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the non-movant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Id.* at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Thus, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enter., Inc. v. First*

5

*Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 323.

Courts often confront cross motions for summary judgment because Rules 56(a) and (b) of the Federal Rules of Civil Procedure allow both plaintiffs and defendants to move for such relief. In such situations, courts must consider each party's motion individually to determine if that party has satisfied the summary judgment standard. *Ind. Civil Liberties Union Found., Inc. v. Ind. Sec'y of State*, 229 F. Supp. 3d 817, 821 (S.D. Ind. 2017). Thus, in determining whether genuine and material factual disputes exist in this case, we have considered the parties' respective memoranda and the exhibits attached thereto, and have construed all facts and drawn all reasonable inferences therefrom in the light most favorable to the respective non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## II. Discussion

In accordance with the FDCPA, a consumer debt collector must send to each debtor a written notice containing certain information, including "a statement that if the consumer notices the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a judgment against the consumer…" and "a statement that, upon the consumer's written request within

the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. §§ 1692g(a)(4) & (5). However, a bona fide error can serve as an absolute defense to an alleged violation of the FDCPA. 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error").

To establish a bona fide error defense, a defendant must demonstrate three elements by a preponderance of evidence: "(1) it must show that the presumed FDCPA violation was not intentional; (2) it must show that the presumed FDCPA violation resulted from a bona fide error …; and (3) it must show that it maintained procedures reasonably adapted to avoid any such error." *Kort v. Diversified Collection Serv., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). "[A] debt collector 'need only show that its FDCPA violation was unintentional, not that its actions were unintentional'" in order to satisfy the first prong of the bona fide error defense. *VanHuss v. Rausch, Sturm, Israel, Enerson & Hornik*, No. 16-cv-372-slc, 2017 WL 1379402, at *5 (W.D. Wis. Apr. 14, 2017) (quoting *Nielsen v. Dickerson*, 307 F.3d 623, 641 (7th Cir. 2002)). For an error to be considered "bona fide," it must be "made in good faith; a genuine mistake, as opposed to a contrived mistake." *Kort*, 394 F.3d at 538.

The parties' cross motions for summary judgment focus on the third prong of the bona fide error defense, whether Ashwood maintained "procedures reasonably adapted" to

7

prevent the kind of errors found in the Letter. The Supreme Court defined "procedures" as "processes that have mechanical or other such regular orderly steps to avoid mistakes." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010) (internal quotation marks omitted); *see also*, *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895, 899 (7th Cir. 2015). In light of the requirement for reasonable procedures, the bona fide error defense is meant to apply only to clerical or factual mistakes and not to mistakes of law. *See Jerman*, 559 U.S. at 587 ("[T]he broad statutory requirements of procedures reasonably designed to avoid 'any' bona fide error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes. Such procedures are more likely to avoid error than those applicable to legal reasoning…"). The bona fide error defense "does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution." *Kort*, 394 F.3d at 539 (citing *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004)).

We conclude that Ashwood cannot be held liable under the FDCPA in this instance because no reasonable jury could determine that the typographical errors in the Letter's Verification Notice were the result of anything other than a bona fide error. Despite Ashwood's intention that the Letter track the language of the FDCPA, Bailey Aff., ¶ 5, the errors found in the Letter's Verification Notice were clearly genuine mistakes because the use of the word "information" instead of "in writing" renders the Verification Notice nonsensical. No one would have intentionally written the sentence that way.

Furthermore, Ashwood made clear that he takes—and did take here—reasonable measures to prevent the kind of typographical, clerical errors found in the Verification

8

Notice including having Bailey review the Letter before it went out. Although Bailey proofread the Letter after asking SourceHOV to make changes to it that were unrelated to the Verification Notice, he inadvertently failed to catch and correct the typographical errors within the Verification Notice before the Letter was sent to debtors. *Id*. at 14:7-16:20. Moreover, Bailey made efforts to correct the errors in the Verification Notice as soon as he became aware of them. *Id*. at 10:5-11. As stated above, the FDCPA does not require debt collectors' written notifications to be perfect or that debt collectors must take every possible precaution to avoid clerical or factual errors. *See* 15 U.S.C § 1692k(c); *see also*, *Kort*, 394 F.3d at 539. As such, the undisputed evidence demonstrates that the typographical errors found in the Letter's Verification Notice were unintentional, bona fide errors, and Ashwood is therefore entitled to summary judgment.

## Conclusion

For the reasons detailed above, we <u>DENY</u> Spiegel's Motion for Summary Judgment, Dkt. No. 87, and <u>GRANT</u> Ashwood's Cross Motion for Summary Judgment. Dkt. No. 89. Judgment will be entered accordingly.

IT IS SO ORDERED.

Date: 1/30/2018

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution: To counsel of record via CM/ECF.

9